UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHANIE RICHIE,

    Plaintiff,

       v.

TOM VILSACK, Secretary, U.S.
Department of Agriculture,

    Defendant.

Civil Action No. 11-1884 (JDB)

## MEMORANDUM OPINION & ORDER

Plaintiff Stephanie Richie, an employee of the U.S. Department of Agriculture (USDA), has sued Tom Vilsack, Secretary of USDA, asserting claims for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. In particular, Richie asserts that she was subject to discrimination and retaliation when she was reassigned from her position as the GS-14 Executive Conservation Correspondence Team Lead to a non-supervisory GS-14 Public Affairs Specialist position.

No discovery has yet taken place. Defendant has filed a motion to dismiss or, in the alternative, for summary judgment [Docket Entry 8]. Richie, in turn, has filed a Rule 56(d) motion for discovery before summary judgment [Docket Entry 10]. See Fed. R. Civ. P. 56(d). Defendant submitted several declarations, including from four management officials at USDA, which criticize Richie's work product, assert that Richie herself requested a new position, and indicate that several white employees were also reassigned from supervisory to non-supervisory positions at the same time as Richie. See Def.'s Statement of Material Facts [Docket Entry 8] ¶¶ 3-5, 10-11, 12 (Mar. 5, 2012). Richie submitted a declaration describing her positive

1

performance ratings, stating that her performance was not criticized or cited as a reason for her reassignment, disputing that she requested a new position, and otherwise challenging defendant's evidence. Richie Decl. [Docket Entry 10-3] ¶¶ 1-5 (Apr. 2, 2012).

## **STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary, to provide the "grounds" of "entitle[ment] to relief," plaintiffs must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555-56 (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); accord Atherton v. D.C. Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009).

"[I]n passing on a motion to dismiss . . . the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). Therefore, the factual allegations must be presumed true, and plaintiffs must be given every favorable inference that may be drawn from the allegations of fact. See Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor inferences

that are unsupported by the facts set out in the complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Summary judgment, in turn, is appropriate when the pleadings and the evidence demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may successfully support its motion by identifying those portions of "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of motion only), admissions, interrogatory answers, or other materials," which it believes demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1); see also Celotex, 477 U.S. at 323.

In determining whether there exists a genuine dispute of material fact sufficient to preclude summary judgment, the Court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position. Id. at 252. Moreover, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). Summary judgment, then, is appropriate if the non-movant fails to offer "evidence on which the jury could reasonably find for the [non-movant]." Id. at 252.

## ANALYSIS

Turning first to defendant's motion to dismiss, the Court will deny the motion. Defendant argues that Richie fails to state a claim because she has not established a prima facie case of unlawful discrimination or retaliation. But "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511 (2002); see also Twombly, 550 U.S. at 547 (rejecting the claim that the opinion's "analysis runs counter to Swierkiewicz . . . , which held that 'a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination'" (alteration omitted)). Defendant never challenges this principle. Indeed, while arguing that Richie failed to state a claim, defendant cites almost exclusively summary judgment-stage cases and concludes that plaintiff has "failed to put forward sufficient evidence for a reasonable jury to find" for her, and that her claim accordingly fails "as a matter of law," Def.'s Mot. to Dismiss or for Summ. J. [Docket Entry 8] at 14 (Mar. 5, 2012) ("Def.'s Mot."). Accordingly, all that remains of defendant's argument is the motion for summary judgment.[1]

Defendant's summary judgment argument, however, comes too early. "[S]ummary judgment is premature unless all parties have 'had a full opportunity to conduct discovery.'"

---

[1] Defendant never argues that Richie's complaint has alleged insufficient factual matter. The complaint offers no facts to support the retaliation claim—it fails to allege, for instance, that a protected activity took place that could form the basis for the retaliation claim. Compare Swierkiewicz, 534 U.S. at 511 ("[Petitioner's] complaint detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination. These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest."). Defendant does not object to this omission and himself offers the protected activity omitted from the complaint. See Def's Mot. 14-15 ("Plaintiff's alleged protected activity – filing an EEO charge in 2006 – occurred four (4) years prior to the 2010 realignment under an entirely different supervisory chain."). Accordingly, this Court has no occasion to consider whether the complaint should be dismissed on this ground or whether the D.C. Circuit's holding that a Title VII complaint need only assert that the plaintiff suffered an adverse employment action due to discrimination or retaliation, see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1115 (D.C. Cir. 2000), survives Twombly and Iqbal. In any case, the complaint could be easily amended to correct the omission because the parties' filings make clear that Richie could make the requisite factual allegations.

Convertino v. DOJ, 684 F.3d 93, 99 (D.C. Cir. 2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)); see also Americable Int'l, Inc. v. Dep't of Navy, 129 F.3d 1271, 1274 (D.C. Cir. 1997) ("[S]ummary judgment ordinarily is proper only after the plaintiff has been given adequate time for discovery." (internal quotation marks omitted)). Accordingly, "[a] Rule 56[(d)] motion requesting time for additional discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." Convertino, 684 F.3d at 99 (internal quotation marks omitted). Here, the parties have had no opportunity, let alone a full opportunity, to conduct discovery.

To obtain time for discovery under Rule 56(d), a plaintiff must submit an "affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d). The declaration must "outline the particular facts he intends to discover and describe why those facts are necessary to the litigation," explain why he could not produce those facts, and "show the information is in fact discoverable." Convertino, 684 F.3d at 99-100. The declaration Richie's attorney submitted, see Renaud Decl. [Docket Entry 16] (Nov. 19, 2012),[2] satisfies the Rule 56(d) requirements for the discrimination claim and—when read generously and supplemented by Richie's motion—for the retaliation claim.

The declaration lists specific facts Richie intends to discover that she hopes will undercut defendant's declarations, and it offers concrete reasons "to question the veracity" of these declarations. See Dunning v. Quander, 508 F.3d 8, 10 (D.C. Cir. 2007) (per curiam) (internal quotation marks omitted); see also Strang v. U.S. Arms Control & Disarmament Agency, 864 F.2d 859, 861 (D.C. Cir. 1989) (upholding denial of a Rule 56(d) motion where plaintiff offered

---

[2] Because no such declaration was attached to the initial motion, the Court ordered Richie to submit a declaration to comply with the Federal Rules of Civil Procedure. See November 7, 2012 Order.

no reason to question veracity of defendant's affidavits and so plaintiff's "plea [wa]s too vague to require the district court to defer or deny dispositive action"). For instance, Richie seeks to depose Jacqueline Fernette who, in a declaration, criticizes Richie's work. In her competing declaration, Richie states that Fernette was complimentary and had never expressed concerns about Richie's performance, and that Richie has received consistently positive performance evaluations. See Renaud Decl. ¶ 6; see also Richie Decl. ¶¶ 1-2. This offers some reason to question Fernette's declaration, hence indicating that deposing Fernette might produce evidence supporting Richie's argument that defendant's performance-based explanation is pretextual, while the true reason is discriminatory. Similarly, two of defendant's declarants stated that Richie told them she wanted a new job, a statement that Richie contends she never made. See Renaud Decl. ¶ 7; see also Richie Decl. ¶ 3. Having offered this reason to question the declarants' veracity, Richie seeks to depose them to undercut their statements and establish that at least one of them is either intentionally testifying falsely or misrepresenting statements because of Richie's race. See Renaud Decl. ¶ 7; see also Chappell-Johnson v. Powell, 440 F.3d 484, 488-89 (D.C. Cir. 2006) ("discovery may even uncover direct evidence of discrimination" in a Title VII case). Richie also seeks to determine, via discovery, the particular duties before and after reassignment of the white coworkers defendant contends were treated exactly the same as she was. See Renaud Decl. ¶ 8. All this demonstrates facts that she intends to discover and which she might use defeat summary judgment as to her discrimination claim.

Richie's counsel's declaration is, however, entirely silent as to retaliation. While alleging that evidence might reveal a "discriminatory animus" or misrepresentations due to Richie's "race," Renaud Decl. ¶ 7, the declaration says nothing at all about retaliation. Nonetheless, cognizant that "district courts should construe motions that invoke [Rule 56(d)] generously,

6

holding parties to the rule's spirit rather than its letter," Convertino, 684 F.3d at 99 (internal quotation marks omitted), the Court determines that discovery is also proper on the retaliation claim. First, Richie has offered reasons that discovery will reveal her performance was strong and that defendant's invocation of Richie's performance is pretext, which in turn could be a cover for retaliation just as it could for discrimination. Indeed, Richie argues that "[b]ased on the witnesses' false statements about Ms. Richie's performance and her 'request' for a transfer, Plaintiff believes that their depositions will reveal evidence of pretext and retaliatory motive." See Pl.'s Rule 56(d) Mot. [Docket Entry 10], at 4 (Apr. 2, 2012) ("Pl.'s Mot."). While she should have included this theory in her Rule 56(d) declaration, this technical error does not doom the motion given the requisite "generous[]" reading under Convertino, 684 F.3d at 99 (internal quotation marks omitted). Similarly, by allowing Richie to explore the purported inconsistency as to whether Richie asked for a new assignment, depositions might reveal that the reasons for the declarants' purported misrepresentations are retaliatory just as they might reveal that they are discriminatory. Pl.'s Mot. 2 (arguing that she needs discovery "to support her theory that the witnesses' false contentions are motivated by discrimination or retaliation").[3] Exploring these inconsistencies and purported cover-ups might unearth direct evidence of a connection between Richie's protected activity and her reassignment. See Chappell-Johnson, 440 F.3d at 488-89. In other words, because the parties agree that Richie had engaged in protected activity and because Richie has given some reason to question defendant's account of this particular reassignment, Richie has raised the possibility that discovery could reveal direct evidence of retaliation.

In so holding, however, the Court notes that the retaliation claim is precipitously close to one that should be resolved against a plaintiff before discovery. The key theories do not, as

---

[3] Again, Richie makes this argument in her motion only, rather than in the Rule 56(d) declaration.

required, appear in Richie's counsel's declaration. And the possibility that questioning the declarants about the purportedly false declarations will reveal direct evidence sufficient to tie Richie's four-year-old complaint against a different set of officials to the reassignment is extremely speculative. Richie's counsel's declaration offers no facts to establish a connection between the individuals Richie seeks to depose and the protected activity she had undertaken. But the Court is cognizant of the generous standard that applies, of a plaintiff's entitlement to discovery "almost as a matter of course," Convertino, 684 F.3d at 99 (internal quotation marks omitted), for any claim that survives a motion to dismiss, and of the fact that—because discovery about retaliation will overlap very closely with discovery about discrimination—allowing discovery to proceed as to retaliation imposes little additional burden on the defendant. Hence, the Court concludes that discovery before summary judgment is appropriate for the retaliation claim.

Besides outlining particular facts she intends to discover, Richie has sufficiently explained why she could not produce these facts and has shown that the information is in fact discoverable. See id. at 99-100. Although USDA provided some information at the administrative level, Richie could not produce the specific evidence she seeks because she has had no opportunity to depose the relevant individuals or obtain additional documents in the agency's possession. Far from lack of diligence or sloth, the wholesale absence of the opportunity for discovery is hence responsible. Compare Berkeley v. Home Ins. Co., 68 F.3d 1409, 1414 (D.C. Cir. 1995) ("Notwithstanding the usual generous approach toward granting Rule 56[(d)] motions, the rule is not properly invoked to relieve counsel's lack of diligence."). And defendant never contends, nor could he, that the information is not discoverable. In short, Richie offers sufficient reasons that testing defendant's declarations might prove fruitful and

8

explains why discovery is necessary to develop her case. Richie is entitled to discovery to attempt to unearth evidence to support her claims.

## **CONCLUSION**

For the reasons discussed above, [10] plaintiff's Rule 56(d) motion is **GRANTED** and [8] defendant's motion to dismiss or, in the alternative, for summary judgment is **DENIED**. Defendant shall file an answer by not later than December 19, 2012.

**SO ORDERED.**

/s/

JOHN D. BATES
United States District Judge

Dated:  December 5, 2012